17395. DANVILLE LUMBER COMPANY *v.* McARTHUR.

STEPHENS, J. 1. This being a suit in which it was alleged that the defendant had contracted with the plaintiff to cut and saw into lumber the timber upon the plaintiff's lands, and to pay her a stipulated sum per thousand feet for the lumber as sawed, and that the defendant breached the contract by cutting more timber than the defendant reported to the plaintiff and paid for, by leaving valuable timber stand-

Evidence, 22 C. J. p. 536, n. 92 New.

Logs and Logging, 38 C. J. p. 191, n. 75, 77.

Trial, 38 Cyc. p. 1615, n. 20; p. 1617, n. 34; p. 1618, n. 36; p. 1619, n. 38; p. 1693, n. 55; p. 1695, n. 63; p. 1697, n. 81 New.

ing which should have been cut, by failing to cut the trees close enough to the ground to prevent waste of valuable timber left in the stumps, by cutting timber and leaving the logs in the woods to rot, by destroying the plaintiff's fences upon the lands, and by failing to saw lumber from timber on the lands for the plaintiff's own use, as required by the terms of the contract, and there being evidence, both positive and circumstantial, from which the jury could infer that the defendant had breached the contract in a number of the particulars alleged, and that the plaintiff's damage was in the amount found by the jury, the verdict was supported by the evidence, and the court did not err in overruling the defendant's motion for a new trial upon the general grounds.

2. There being no evidence to authorize the inference that any of the persons sawing the lumber upon the plaintiff's lands pursuant to the contract were contractors independent of the defendant, the court did not err in failing to instruct the jury with reference to independent contractors.

3. Testimony that lumber sells for a certain price at a named place is evidence as to a fact, and is not inadmissible upon the ground that it is opinion evidence and the opportunity of the witness to form a correct opinion does not appear.

4. As this is a suit to recover for various breaches of a contract, the court did not err in failing to instruct the jury on the "law of torts."

5. Although there may have been evidence to the effect that the defendant had paid the plaintiff for some of the fences damaged and destroyed, or had settled with the plaintiff for some of the lumber which the plaintiff claimed had been sawed and had not been paid for, yet as the defendant did not plead an accord and satisfaction, and the trial judge submitted generally to the jury the contentions of the parties, the failure of the court, in the absence of a request, to charge in reference to an accord and satisfaction was not error.

6. Where the only testimony as to the amount of the plaintiff's damage from failure of the defendant to saw for her certain lumber out of timber upon her lands, as provided in the contract, was testimony that tended to establish the difference between the price at which the defendant had contracted to saw the lumber and the market value at the time and place of delivery, the failure of the court to instruct the jury, without request, that this was the measure of the plaintiff's damage was not error.

7. It being provided in the contract that the defendant was to saw lumber at a certain price for the plaintiff's personal use, and it appearing, from the evidence, that the defendant refused to saw lumber requested by the plaintiff, but that the refusal was not based upon the ground that the plaintiff did not desire the lumber for her own personal use, the court did not err in failing to charge that the plaintiff must show that the lumber which she requested the defendant to saw was for her personal use, before she could recover for a breach of contract in failing to saw the lumber for her.

8. The verdict for the plaintiff was supported by the evidence, and no error of law appears.

*Judgment affirmed. Jenkins, P. J., and Bell, J., concur.*

DECIDED MARCH 4, 1927.

Breach of contract; from Twiggs superior court—Judge Camp. April 17, 1926.

*R. A. Harrison, H. F. Griffin, J. D. Shannon,* for plaintiff in error.

*L. D. Moore, Walter DeFore,* contra.